IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

*******

UNITED STATES OF AMERICA,　　　　　　　　　　　　CR 10-07-H-CCL

    Plaintiff,

-v-　　　　　　　　　　　　　　　　　　　　　　　　ORDER

ALLON JENKINS,

    Defendant.

*******

    Before the Court is Defendant's Second Motion to Dismiss the Indictment. The government opposes the motion.

    The Indictment charges the Defendant with one count of "Failure to Register As A Sexual Offender," in violation of 18 U.S.C. § 2250(a). The Indictment alleges that Defendant is a person (1) who is required to register under the Sex Offender Registration and Notification Act, (2) who traveled in interstate commerce into the State of Montana, and (3) who from July 2009 and continuing

until March 2010 did knowingly fail to register as a sex offender.

A motion to dismiss an indictment is governed by Rule 12 of the Federal Rules of Criminal Procedure, which provides that "[a]ny defense, objection, or request which is capable of determination without trial of the general issue may be raised before trial by motion." Fed.R.Crim.P. 12(b).  Although a court may make preliminary factual determinations in deciding questions of law, the court must not invade the province of the trier of fact by reaching the general issue to be tried. *See United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993).

Defendant's Second Motion to Dismiss seeks a decision by this Court as to the effective date of SORNA as to pre-SORNA predicate convictions.  Defendant proposes that this Court follow *United States v. Utesch*, 596 F.3d 302 (6th Cir. 2010), which holds that SORNA's effective date as to pre-SORNA predicate convictions is August 1, 2008 (*i.e.,* after notice-and-comment and publication by the Attorney General).  The United States proposes that this Court follow the Eighth and Tenth Circuits, which have held that the effective date of SORNA as to pre-SORNA predicate convictions is the statutory enactment date, July 27, 2006.

*See United States v. May*, 535 F.3d 912 (8th Cir. 2008); *United States v. Hinckley*, 550 F.3d 926 (10th Cir. 2008).  The United States notes also that there is a third approach utilized by the Fourth, Seventh, and Eleventh Circuits, which have all decided that the effective SORNA date as to pre-SORNA predicate convictions is February 28, 2007, when the Attorney General issued an interim rule explicitly establishing retroactive application to pre-SORNA predicate convictions.  *United States v. Hatcher*, 560 F.3d 222, 226 (4th Cir. 2009); *United States v. Dixon*, 551 F.3d 578 (7th Cir. 2008) (*rev'd on other grounds sub nom Carr v. United States*, ___ S.Ct. ___, 2010 WL 2160783 (June 1, 2010)); *United States v. Madera*, 528 F.3d 852 (11th Cir. 2008).

   The United States Supreme Court has not yet reviewed this split in the circuits.  The Court has recently held, however, that the element of interstate travel must occur following enactment of SORNA on July 27, 2006.  *United States v. Carr*, ___ S.Ct. ___, 2010 WL 2160783 (June 1, 2010).

   In our instant case, the United States asserts that it can prove that Defendant Jenkins traveled interstate between his Idaho arrest on March 14, 2007, and his application for a Montana ID card in Billings, Montana, on March 5, 2008.  Such

proof would satisfy the *Carr* interstate travel requirement, but would not meet *Utesch*'s effective date for retroactivity, which is August 1, 2008.

The Ninth Circuit has not provided guidance on the appropriate effective date for retroactivity. It appears to this Court that Congress has delegated the retroactivity decision to the Attorney General. 42 U.S.C. § 16913(d).[1] The Attorney General issued a regulation on February 28, 2007, that makes SORNA applicable to offenders having pre-SORNA predicate offenses, effective on that date. That regulation was intended to be effective immediately, and it relied upon the APA's "good cause" exceptions permitting post-promulgation public comments when the notice-and-comment procedures "are impracticable, unnecessary, or contrary to the public interest." 72 Fed. Reg. 8894-01, 8896 (Feb.

---

[1] 42 U.S.C. § 16913(d) provides as follows:

(d) Initial registration of sex offender unable to comply with subsection (b) of this section.

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

28, 2007) (*quoting* 5 U.S.C. § 553(b)(3)(B)).  This Court views the February 28, 2007, retroactivity date as the appropriate choice.  It is an explicit performance of a duty delegated to the Attorney General by Congress, and it is justified by the creation of a comprehensive national system, by the need to avoid uncertainty as to law enforcement, and by the stated need to eliminate the "practical dangers" to the public resulting from further delays to retroactive application.  *Id.* In choosing the date of the Attorney General's interim regulation, February 28, 2007, this Court follows the Fourth, Seventh, and Eleventh Circuits.

Accordingly, and without reaching the ultimate issue in this case, the Court determines that interstate travel between March 14, 2007, and March 5, 2008, would both satisfy the *Carr* requirement and constitute an appropriate retroactive application of SORNA to a pre-SORNA predicate offense.  Accordingly,

IT IS HEREBY ORDERED that Defendant's Second Motion to Dismiss (Doc. 28) is DENIED.

Done and Dated this 17th day of June, 2010.

                                         /s/ Charles C. Lovell
                                         CHARLES C. LOVELL
                                         SENIOR UNITED STATES DISTRICT JUDGE